# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 492 | **DATE** | 1/29/2008 |
| **CASE TITLE** | Edward Hines Lumber vs. Robert Ollman | | |

**DOCKET ENTRY TEXT**

The Court hereby dismisses the Complaint without prejudice for failure to sufficiently plead diversity jurisdiction. Plaintiff shall have thirty (30) days, by or on February 28, 2008, to file an amended complaint alleging the citizenship of Defendant Ollman and of each of 87th Street's members or some other basis for federal jurisdiction.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

　　Plaintiff Edward Hines Lumber Co. ("Hines") has filed a complaint against Defendants Robert J. Ollman, Midwest Building Systems, Inc., and 87th Street Holding, LLC. Plaintiff's Complaint asserts diversity jurisdiction as the sole basis for subject matter jurisdiction. "It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998), *quoting Steel C. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

　　The Complaint alleges that Defendant Ollman is "an individual who resides and is domiciled in the State of Wisconsin." (R. 1-1, Comp., ¶3.) The Complaint further alleges that "Defendant 87th Street is a limited liability company organized under the laws of the State of Wisconsin and has a principal place of business in Milwaukee, Wisconsin." (*Id.* at ¶ 5.) It fails, however, to identify any members of 87th Street and further fails to allege the citizenship of the LLC members. These allegations do not establish diversity jurisdiction.

　　First, the Complaint alleges only *the residency* of Defendant Ollman, not his *citizenship* – the two terms are not synonymous, and it is citizenship that matters under 28 U.S.C. §1332. *See Meyerson*, 299 F.3d at 617 ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]llegations of residence are insufficient to establish diversity jurisdiction."). Second, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC,* 487 F.3d 531, at 533 -534 (7th Cir. 2007), citing *Camico Mut. Ins. Co. v. Citizens Bank,* 474 F.3d 989, 992 (7th Cir.2007). "Consequently, an LLC's

**STATEMENT**

jurisdictional statement must identify the citizenship of each of its members as of the date the complaint . . . was filed, and, if those members have members, the citizenship of those members as well." The Complaint fails to do so. Accordingly, the Court hereby dismisses the Complaint without prejudice for failure to sufficiently plead diversity jurisdiction. Plaintiff shall have thirty (30) days to file an amended complaint alleging the citizenship of Defendant Ollman and of each of 87th Street's members or some other basis for federal jurisdiction.