UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HINES LUMBER CO., an Illinois corporation, individually and as beneficiary of Trust No. 532747 with LaSalle Bank as Trustee,<br><br>   Plaintiff,<br><br>  v.<br><br>ROBERT J. OLLMAN, an individual, MIDWEST BUILDING SYSTEMS, INC., a Wisconsin corporation, and 87TH STREET HOLDING, LLC, a Wisconsin limited liability company,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 08 C 492<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT FOR BREACH OF PROMISSORY NOTES

Plaintiff Edward Hines Lumber Co. (Hines"), an Illinois corporation, individually and as beneficiary of Trust No. 532747 with LaSalle Bank as Trustee (the "Trust"), by and through its attorneys, and for its Amended Complaint for Breach of Promissory Note against defendants Robert J. Ollman ("Ollman"), an individual, Midwest Building Systems, Inc. ("Midwest Building"), a Wisconsin corporation, and 87th Street Holding, LLC ("87th Street"), a Wisconsin limited liability company, states as follows:

### NATURE OF ACTION

1. Plaintiff Hines brings this action to enforce a promissory note dated January 31, 2007 (the "January Note") against defendants Ollman, Midwest Building and 87th Street, and a promissory note dated March 23, 2007 (the "March Note") against defendants Ollman and Midwest Building.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Hines is a corporation organized under the laws of the State of Illinois and has a principal place of business in Evanston, Illinois.

3. Defendant Ollman is an individual who resides and is a citizen of the State of Wisconsin.

4. Defendant Midwest Building is a corporation organized under the laws of the State of Wisconsin and has a principal place of business in Milwaukee, Wisconsin.

5. Defendant 87th Street is a limited liability company organized under the laws of the State of Wisconsin and has a principal place of business in Milwaukee, Wisconsin.

6. None of the members of Defendant 87th Street reside in or are citizens of the State of Illinois.

7. This Court has subject matter jurisdiction over this action pursuant to 11 U.S.C. § 1332, in that this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Defendants are each subject to personal jurisdiction in Illinois pursuant to 735 ILCS 5/2-209 because each defendant transacted business in or made or performed a contact substantially connected with Illinois, as described in this Complaint, and the cause of action set forth herein arises from that transaction of business or that contract.

9. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving to the claim alleged in this Complaint.

## COUNT I
### (Breach of the January Note)

10. Plaintiff Hines incorporates paragraphs 1 through 9 of this Complaint as though fully set forth herein

11. Defendants Ollman, Midwest Building, and 87th Street executed the January Note in the principal amount of $810,000 in favor of the Trust for the sole benefit of plaintiff Hines, evidencing a loan from the Trust to defendants Ollman, Midwest Building, and 87th Street. A true and correct copy of the January Note is attached hereto as Exhibit A.

12. Plaintiff Hines, as sole beneficiary of the Trust, has the right and authority to enforce the January Note.

13. Plaintiff Hines is the holder of the January Note.

14. The January Note constitutes a valid and binding contract pursuant to which defendants Ollman, Midwest Building, and 87th Street, and each of them, agreed to pay the principal balance of $810,000.00 plus interest and other charges, including but not limited to attorneys' fees, costs and expenses.

15. Plaintiff Hines and the Trustee have performed all of their obligations under the January Note.

16. Pursuant to the January Note, on or about December 1, 2007, defendants Ollman, Midwest Building, and 87th Street were required to make a payment of the interest due under January Note (the "December Installment").

17. Defendants Ollman, Midwest Building, and 87th Street failed to pay the December Installment on or before ten (10) days after the date payment of the December Installment was due.

18. The failure to pay the December Installment on or before ten (10) days after the date payment of the December Installment was due is an "Event of Default" under the January Note.

19. As a result of the "Event of Default," plaintiff Hines has and hereby does accelerate the Maturity Date of the January Note and all sums due thereunder are immediately due and payable without presentment, demand, notice or protest of any kind.

20. Defendants Ollman, Midwest Building, and 87th Street have failed to pay all amounts due under the January Note.

21. Defendants Ollman, Midwest Building, and 87th Street, and each of them, are therefore in breach of the January Note.

22. As a result of such breach, plaintiff Hines and the Trust have incurred damages in the principal amount of $682,084.96 plus all interest that has accrued and continues to accrue under the January Note, plus the attorneys' fees and costs incurred by plaintiff Hines and the Trust in bringing this action and enforcing the January Note.

WHEREFORE, plaintiff Edward Hines Lumber Co., individually and as beneficiary of Trust No. 532747 with LaSalle Bank as Trustee (the "Trust"), prays for judgment in its favor and against defendants Robert J. Ollman, Midwest Building Systems, Inc., and 87th Street Holding, LLC, jointly and severally, in the amount of $682,084.96 plus all interest that has accrued and continues to accrue under the January Note, plus the attorneys' fees and costs incurred by plaintiff Hines and the Trust in bringing this action and enforcing the January Note, and for any other relief this Court deems just.

## COUNT II
### (Breach of the March Note)

23. Plaintiff Hines incorporates paragraphs 1 through 9 of this Complaint as though fully set forth herein

24. Defendants Ollman and Midwest Building executed the March Note in the principal amount of $150,000 in favor of plaintiff Hines, evidencing a loan from plaintiff Hines to defendants Ollman and Midwest Building. A true and correct copy of the March Note is attached hereto as Exhibit B.

25. Plaintiff Hines is the holder of the March Note.

26. The March Note constitutes a valid and binding contract pursuant to which defendants Ollman and Midwest Building, and each of them, agreed to pay the principal balance of $150,000.00 plus interest and other charges, including but not limited to attorneys' fees, costs and expenses.

27. Plaintiff Hines performed all of its obligations under the March Note.

28. Pursuant to the March Note, on or about December 1, 2007, defendants Ollman and Midwest Building were required to make a payment of the interest due under March Note (the "December Installment").

29. Defendants Ollman and Midwest Building failed to pay the December Installment on or before ten (10) days after the date payment of the December Installment was due.

30. The failure to pay the December Installment on or before ten (10) days after the date payment of the December Installment was due is an "Event of Default" under the March Note.

31. As a result of the "Event of Default," plaintiff Hines has and hereby does accelerate the Maturity Date of the March Note and all sums due thereunder are immediately due and payable without presentment, demand, notice or protest of any kind.

32. Defendants Ollman and Midwest Building have failed to pay all amounts due under the March Note.

33. Defendants Ollman and Midwest Building, and each of them, are therefore in breach of the March Note.

34. As a result of such breach, plaintiff Hines and the Trust have incurred damages in the principal amount of $124,999.98 plus all interest that has accrued and continues to accrue under the March Note, plus the attorneys' fees and costs incurred by plaintiff Hines in bringing this action and enforcing the March Note.

WHEREFORE, plaintiff Edward Hines Lumber Co. prays for judgment in its favor and against defendants Robert J. Ollman and Midwest Building Systems, Inc. jointly and severally, on Count II of this Complaint in the amount of $124,999.98 plus all interest that has accrued and continues to accrue under the March Note, plus the attorneys' fees and costs incurred by plaintiff Hines in bringing this action and enforcing the March Note, and for any other relief this Court deems just.

EDWARD HINES LUMBER CO.,
an Illinois corporation, individually and as beneficiary of Trust No. 532747 with LaSalle Bank as Trustee,

By: /s/ David P. Vallas
_____
One of its Attorneys

David J. Fischer
David P. Vallas
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312.201.2000
Facsimile: 312.201.2500