## NOTE

**ORIGINAL**
MAR 2 3 2007

$150,000.00

1.1     Description of Parties. This Note is made, jointly and severally by Robert J. Ollman and Midwest Building Systems, Inc., a Wisconsin corporation (the foregoing hereinafter referred to individually and collectively as the "Borrower") and is payable to the order of Edward Hines Lumber Co., an Illinois corporation (hereinafter referred to as the "Lender") evidencing a loan (hereinafter referred to as the "Loan") from Lender to Borrower.

1.2     Payment.

FOR VALUE RECEIVED, Borrower hereby promises to pay on or before May 1, 2010 (the "Maturity Date") in lawful money of the United States of America to the order of Lender the principal amount of ONE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($150,000.00) ("Principal Sum"), together with interest on the principal balance of this Note remaining from time to time unpaid (the "Principal Balance") at the Loan Rate (hereinafter defined) as follows:

> Interest on the Principal Balance of this Note shall be computed from the date of this Note at the Loan Rate (hereinafter defined), with the first interest payment of all accrued and unpaid interest becoming due and payable on June 1, 2007, and thereafter interest shall be paid monthly in arrears commencing on the first (1st) day of July, 2007, and thereafter on the first (1st) day of each succeeding month through and including the Maturity Date. In addition, commencing on June 1, 2007 and continuing thereafter on the first (1st) day of each succeeding month through and including the Maturity Date, Borrower shall make thirty six (36) consecutive principal payments of in the amount of $4,166.67 each. A final balloon payment of all of the unpaid Principal Balance hereunder and unpaid interest accrued thereon shall become due and payable in full, if not sooner paid or due by acceleration or otherwise, on the Maturity Date. Notwithstanding the foregoing, after maturity of this Note or upon the occurrence and continuation of an Event of Default (hereinafter defined), the interest rate on the Principal Balance of this Note shall be increased to the Default Rate (hereinafter defined) until this Note is fully paid.

The time is hereby extended for the payment of any monthly payment or for performance of any act or for the exercise of any right if the due date thereof falls on a Saturday, Sunday or any other day which is not a business day of Lender. Such payment shall be made or act performed or right exercised on the next succeeding business day of Lender with the same force and effect as if done on the nominal dates provided in this Note.

1747640


EXHIBIT B

1.3   Interest.

(a)   Prime Rate Defined. The "Prime Rate" as used herein shall mean that rate published from time to time by The Wall Street Journal and known as the "New York Prime Rate" and, in determining interest payable hereon, interest shall be adjusted from time to time as and on the date change is effected in the Prime Rate. The Prime Rate does not purport to be the most favorable rate offered by Lender to its borrowers. The written statement or notice from Lender as to what the Prime Rate was on any given date shall be conclusive and in the event that The Wall Street Journal should cease to publish a "New York Prime Rate," the Prime Rate announced by any Chicago bank selected by Lender shall be an acceptable substitute therefor. Any change in the Loan Rate due to a change in the Prime Rate shall take effect on the date of such change in the Prime Rate.

(b)   Loan Rate Defined. The "Loan Rate" as used herein shall mean the Prime Rate plus one percent (1%) per annum.

(c)   Default Rate Defined. The "Default Rate" as used herein shall mean the Loan Rate plus five percent (5%) per annum.

(d)   Interest Rate Computation. All interest calculated hereunder shall be computed on the basis of a three hundred sixty (360) day year and calculated for the actual number of days elapsed.

(e)   Application of Payments. All payments made hereunder shall be applied first to late charges and any other charges or fees owing to Lender, next to the payment of accrued interest and the remainder, if any, shall be applied to the Principal Balance.

(f)   Late Charge. In the event any payment due under this Note is not paid within ten (10) days of the due date, Borrower shall pay Lender a "late charge" equal to five percent (5%) of the amount of such payment so overdue. The late charge shall be due and payable with the next payment due hereunder.

1.4   [RESERVED – INTENTIONALLY BLANK]

1.5   Prepayment. The Principal Balance and any accrued interest may be prepaid in its entirety or partially prepaid at any time without a prepayment penalty. If any funds are received and applied on account of this Note by the Lender, it shall be applied pursuant to Paragraph 1.3(e) above. The payments under Paragraph 1.2 above shall continue on the Principal Balance until said Principal Balance is fully retired.

1.6   Place of Payment. The payments of all amounts due under this Note shall be made at the office of Lender at 1000 Corporate Drive, Buffalo Grove, Illinois 60089-4550, Attention: Steve Svendsen or such other place as Lender may from time to time designate in writing.

1.7   Events of Default. If the occurrence of any one or more of the following events ("Events of Default") shall occur:

1747640

(a) failure to make payment on or before ten (10) days after the date any payment of principal or interest is due hereunder; or

(b) failure to perform or observe, within thirty (30) days after written notice from Lender to Borrower, any other covenant, promise or agreement contained herein; other than those described in subsection (a) of this Section 1.7;

then, at any time thereafter, at the sole option of Lender, without further notice to Borrower, the Maturity Date shall be accelerated and the Principal Balance and all accrued interest thereon together with any other sums due under this Note shall become immediately due and payable without presentment, demand, notice or protest of any kind, all of which are expressly waived by the Borrower.

1.8 Nature of Remedies. Lender's remedies under this Note shall be cumulative and concurrent and may be pursued singly, successively, or together against Borrower and any guarantor of the Loan, and Lender may resort to every other right or remedy available at law or in equity without first exhausting the rights and remedies contained herein, all in Lender's sole discretion. Failure of Lender, for any period of time or on more than one occasion, to exercise its option to accelerate the maturity of this Note, or to give any notice required as a condition precedent to the occurrence of an Event of Default, shall not constitute a waiver of the right to exercise such option or give such notice at any time during the continued existence of the event or events giving rise to the Lender's ability to exercise such option or give such notice. Lender shall not by any other omission or act be deemed to waive any of its rights or remedies hereunder unless such waiver be in writing and signed by Lender, and then only to the extent specifically set forth therein. A waiver in connection with one event shall not be construed as continuing or as a bar to or waiver of any right or remedy in connection with a subsequent event. Lender, may without demand or notice, appropriate and apply toward any indebtedness or obligation due Lender from Borrower or any guarantor of the Loan any balances, credits, deposits, accounts, money or other property of Borrower or any guarantor of the Loan in the possession, custody or control of Lender.

1.9 Collection. Borrower promises and agrees to pay all costs of collection (including reasonable attorneys' fees) incurred or paid by Lender in enforcing this Note upon the occurrence of any Event of Default, whether or not suit is actually filed. All such costs, expenses and fees shall become immediately due and payable and shall bear interest at the Default Rate when paid or incurred by Lender.

1.10 Waivers, Consents, Etc. Borrower (a) waives and renounces any and all redemption and exemption rights and the benefit of all valuation and appraisement privileges against the indebtedness evidenced by this Note or by any extension or renewal hereof; (b) waives presentment and demand for payment, notices of nonpayment and of dishonor, protest of dishonor, and notice of protest; (c) waives all notices in connection with the delivery and acceptance hereof; (d) waives any and all lack of diligence and delays in the enforcement of the payment hereof; (e) consents to any and all extensions of time, renewals, waivers, or modifications that may be granted

by Lender with respect to the payment or other provisions hereof, and to the release of any security at any time given for the payment hereof, or any part thereof, with or without substitution, and to the release of any person or entity liable for the payment hereof; and (f) consents to the addition of any and all other makers, endorsers, guarantors, and other obligors for the payment hereof, and to the acceptance of any and all other security for the payment hereof, and agree that the addition of any such obligors or security shall not affect the liability of Borrower or any guarantor for the payment hereof.

1.11   Extensions. Except as herein provided, Borrower agrees that the time of payment of the Principal Balance or any accrued interest in writing thereon or any part thereof may be extended only by Lender in its sole discretion from time to time without modifying or releasing the liability of Borrower, any guarantor of the Loan or any other such parties, the right of recourse against Borrower, any guarantor of the Loan and such parties being hereby reserved by Lender.

1.12   Governing Law/Venue. This Note shall be governed by and construed in accordance with the laws of the State of Illinois. Venue for all disputes and claims may, at the sole election of Lender, be in the Circuit Court of Cook County, Illinois.

1.13   Waiver of Trial by Jury. THE UNDERSIGNED WAIVES ANY RIGHT TO TRIAL BY JURY ON ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS (I) UNDER THIS NOTE OR UNDER ANY DOCUMENT SECURING THIS NOTE OR ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT WHICH MAY BE DELIVERED IN THE FUTURE IN CONNECTION HEREWITH, OR (II) ARISING FROM ANY BANKING RELATIONSHIP EXISTING IN CONNECTION WITH THIS NOTE, AND AGREE THAT ANY SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.

1.14   Names. As used herein, the term "Lender" shall also mean the subsequent holder or holders of this Note from time to time. Regardless of their form, all words shall be deemed singular or plural and shall have the gender as required by the text. The liability of the undersigned Borrower under this Note shall be joint and several.

1.15   Benefit of Lender. This Note shall inure to the benefit of the Lender and its successors and assigns and shall be binding upon Borrower and its successors and assigns.

1.16   Time of Essence. Time is of the essence of this Note.

1.17   Compliance With Applicable Law. Borrower agrees that the obligations evidenced by this Note constitute an exempted transaction under the Truth-In-Lending Act, 15 U.S.C. Section 1601, et seq. and said obligations constitute a business loan which comes within the purview of Section 4(1)(c) of The Interest Act, 815 ILCS 205/4(1)(c), as amended.

1747640

1.18 <u>Severability</u>. If any provision of this Note is held to be void or unenforceable, such provision, at the option of Lender, shall be deemed omitted and this Note, with such provision omitted, shall remain in full force and effect.

1.19 <u>Lawful Interest</u>. It being the intention of Lender and Borrower to comply with the applicable laws with regard to the interest charged hereunder, it is agreed that, notwithstanding any provision to the contrary in this Note, no such provision, including without limitation any provision of this Note providing for the payment of interest or other charges, shall require the payment or permit the collection of any amount ("Excess Interest") in excess of the maximum amount of interest permitted by law to be charged for the use or detention, or the forbearance in the collection, of all or any portion of the indebtedness evidenced by this Note or by any extension or renewal hereof. If any Excess Interest is provided for, or is adjudicated to be provided for, in this Note, then in such event:

(a)  the provisions of this paragraph shall govern and control;

(b)  Borrower shall not be obligated to pay any Excess Interest;

(c)  any Excess Interest that Lender may have received hereunder shall, at the option of Lender, be (i) applied as a credit against the Principal Balance due under this Note or accrued and unpaid interest thereon not to exceed the maximum amount permitted by law, or both, (ii) refunded to the Borrower, or (iii) any combination of the foregoing;

(d)  the applicable interest rate or rates shall be automatically subject to reduction to the maximum lawful rate allowed to be contracted for in writing under the applicable governing usury laws, and this Note shall be deemed to have been, and shall be, reformed and modified to reflect such reduction in such interest rate or rates; and

(e)  Borrower shall not have any action or remedy against Lender for any damages whatsoever or any defense to enforcement of the Note or arising out of the payment or collection of any Excess Interest.

1.20 <u>Notices</u>. Any notice, demand, request or other communication desired to be given or required pursuant to the terms hereof shall be in writing and shall be delivered by personal service or sent by registered or certified mail, return receipt requested, postage prepaid, or by a nationally recognized overnight express courier, freight prepaid, addressed as follows or to such other address as the parties hereto may designate in writing from time to time:

If to Borrower:     c/o Robert J. Ollman
                    8475 N. 87th Street
                    Milwaukee, WI 53224

1747640

| | |
|---|---|
| If to Lender: | Edward Hines Lumber Co.<br>1000 Corporate Drive<br>Buffalo Grove, Illinois 60089-4550<br>Attn: Steve Svendsen |
| With a Copy to: | Wildman, Harrold, Allen & Dixon LLP<br>225 West Wacker Drive, Suite 3000<br>Chicago, Illinois 60606-1229<br>Attn: John Eisel |

Any such notice, demand, request or other communication shall be deemed given when personally delivered or if mailed three days after deposit in the mail or if delivered by a nationally recognized overnight express courier, freight prepaid, the next business day after delivery to such courier.

    1.21 <u>Headings</u>. The various headings used in this Note as headings for sections or otherwise are for convenience and reference only and shall not be used in interpreting the text of the section in which they appear and shall not limit or otherwise affect the meanings thereof.

**[SIGNATURE PAGE FOLLOWS]**

1747640

IN WITNESS WHEREOF, Borrower has caused this Note to be executed and attested by its duly authorized representatives.

_____
ROBERT J. OLLMAN

Midwest Building Systems, Inc., a Wisconsin Corporation

By: _____
Its: President

1747640