UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HINES LUMBER CO., an Illinois corporation, individually and as beneficiary of Trust No. 532747 with LaSalle Bank as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J. OLLMAN, an individual, MIDWEST BUILDING SYSTEMS, INC., a Wisconsin corporation, and 87TH STREET HOLDING, LLC, a Wisconsin limited liability company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 08 C 492<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR DEFAULT JUDGMENT**

Plaintiff EDWARD HINES LUMBER CO., by and through its attorneys, David J. Fischer and David P. Vallas, requests that this Honorable Court enter judgment by default against defendants ROBERT J. OLLMAN, MIDWEST BUILDING SYSTEMS, INC., and 87TH STREET HOLDING, LLC, pursuant to Federal Rule of Civil Procedure 55, and in support thereof, plaintiff states as follows:

1. Plaintiff filed its Complaint for Breach of Promissory Notes seeking to enforce two separate promissory notes against defendants. Plaintiff amended its complaint on February 15, 2008 ("Amended Complaint"). *See* Amended Complaint for Breach of Promissory Notes, attached hereto as Exhibit A.

2. Plaintiff obtained service of process on defendant Ollman on February 21, 2008. *See* Summons and affidavit of service, attached hereto as Exhibit B.

3. Plaintiff obtained service of process on defendant Midwest Building Systems through its president and registered agent, defendant Ollman, on February 21, 2008. *See* affidavit of service, attached hereto as Exhibit C.

4. Plaintiff obtained service of process on defendant 87th Street Holding through its president and registered agent, defendant Ollman, on February 21, 2008. *See* affidavit of service, attached hereto as Exhibit D.

5. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), each defendant was required to file an answer or other pleading responsive to the Amended Complaint within twenty (20) days from the date of service. Accordingly, each defendant had until had until March 12, 2008 to respond to the Complaint.

6. Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed R. Civ. P. 54(a).

7. Although March 12, 2008 has passed, none of the defendants have filed an appearance or pleading responsive to the Complaint, nor have any of them otherwise defended this action. *See* Certificate of Attorney, attached hereto as Exhibit E. As a result, the Court entered a default against each defendant on May 27, 2008. *See* Minute Order, attached hereto as Exhibit F.

8. Judgment against each of the defendants should now be entered. Pursuant to Federal Rule of Civil Procedure 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made by certain computation, the clerk – upon the plaintiff's request, with an affidavit showing the amount due – must enter judgment for the amount and the costs against a

defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed R. Civ. P. 54(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed R. Civ. P. 54(b)(2).

9. Plaintiff's claims are for sums certain or sums that can be made by certain computation. Indeed, each of plaintiff's claims stem from promissory notes which identify the principal and the applicable rates of interest. *See generally*, Amended Complaint.

10. In Count I of the Amended Complaint, plaintiff seeks $682,084.96 plus interest and attorneys' fees and costs from defendants, jointly and severally, on account of their breach of a promissory note dated January 31, 2007 (the "January Note"). *See* Amended Complaint, ¶¶ 1, 11-23. The total amount owed under the January Note is $720,594.34 as of April 30, 2008, and continues to accrue interest at a rate of $189.47 per day through the date of judgment. *See* Declaration of S. Svendsen, attached hereto as Exhibit G, ¶¶ 16-17. As of May 27, 2008, there is a total of $725,710.03 owed under the January Note. The January Note was originally made payable to LaSalle Bank, as trustee under Trust No. 5322747 with plaintiff as sole beneficiary. It has since been endorsed to plaintiff. *See* Declaration of S. Svendsen, ¶ 8.

11. Additionally, paragraph 1.9 of the January Note provides that the borrowers thereunder promise and agree to pay all costs of collection (including reasonable attorneys' fees) incurred or paid by plaintiff in enforcing the January Note.

12. Plaintiff has incurred $3,420.00 of legal fees and costs in connection with this matter. *See* Attorney Fee Verification, attached hereto as Exhibit H. Plaintiff estimates that half of these fees and costs have been incurred on Count I of the Amended Complaint, wherein plaintiff seeks to enforce the January Note.

13.  Plaintiff now seeks judgment by default against defendants and each of them, jointly and severally, on Count I of the Amended Complaint in the total amount of $725,710.03 through May 27, 2008, plus interest at the rate of $189.47 through the date of judgment, and $1,710.00 in attorneys' fees and costs.

14.  In Count II of the Amended Complaint, plaintiff seeks $124,999.98 plus interest and attorneys' fees and costs from defendants Ollman and Midwest Building, jointly and severally, on account of their breach of a promissory note dated March 23, 2007 (the "March Note"). *See* Amended Complaint, ¶¶ 1, 24-35. The total amount owed under the March Note is $131,607.06, as of April 30, 2008, and continues to accrue interest at a rate of $27.78 per day through the date of judgment. *See* Declaration of S. Svendsen, ¶¶ 28-29. As of May 27, 2008, there is a total of $132,370.89 owed under the March Note.

15.  Additionally, paragraph 1.9 of the March Note provides that the borrowers thereunder promise and agree to pay all costs of collection (including reasonable attorneys' fees) incurred or paid by plaintiff in enforcing the March Note. Plaintiff estimates that half of the legal fees and costs it has incurred in this matter are attributable to Count II of the Amended Complaint, wherein plaintiff seeks to enforce the March Note.

16.  Plaintiff now seeks judgment by default against defendants Ollman and Midwest Building and each of them, jointly and severally, on Count II of the Amended Complaint in the total amount of $132,370.89 as of May 27, 2008, plus interest at the rate of $28.29 through the date of judgment, and $1,710.00 in attorneys' fees and costs.

WHEREFORE, plaintiff EDWARD HINES LUMBER CO. requests that this Honorable Court enter judgment, in substantially the same form as that attached hereto as Exhibit I, in its favor as follows:

(a)  against defendants ROBERT J. OLLMAN, MIDWEST BUILDING SYSTEMS, INC., and 87^(TH) STREET HOLDING, LLC, and each of them, jointly and severally, on Count I of the Amended Complaint in the total amount of $725,710.03 through May 27, 2008, plus all interest that accrues through the date of judgment, and $1,710.00 in attorneys' fees and costs;

(b)  against defendants ROBERT J. OLLMAN and MIDWEST BUILDING SYSTEMS, INC., and each of them, jointly and severally, on Count II of the Amended Complaint in the total amount of $132,770.90 through May 27, 2008, plus all interest that accrue through the date of judgment, and $1,710.00 in attorneys' fees and costs; and

(c)  for any other relief this Court deems just.

EDWARD HINES LUMBER CO.,

By: /s/ David P. Vallas
_____
One of its Attorneys

David J. Fischer
David P. Vallas
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312.201.2000
Facsimile: 312.201.2500

1822830-1                                5

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on May 28, 2008, a true and correct copy of the **Motion for Default Judgment** and **Notice of Motion** were served by FedEx Priority Overnight upon the following:

Robert J. Ollman
W209n17150 Industrial Drive
Jackson, WI  53037

Midwest Building Systems, Inc.
c/o Robert J. Ollman, Registered Agent
W209n17150 Industrial Drive
Jackson, WI  53037

87th Street Holding, LLC
c/o Robert J. Ollman, Registered Agent
W209n17150 Industrial Drive
Jackson, WI  53037


/s/ David P. Vallas
_____

1882032_1