**EXHIBIT G**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HINES LUMBER CO., an Illinois corporation, individually and as beneficiary of Trust No. 532747 with LaSalle Bank as Trustee, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 08 C 492 |
| ROBERT J. OLLMAN, an individual, MIDWEST BUILDING SYSTEMS, INC., a Wisconsin corporation, and 87TH STREET HOLDING, LLC, a Wisconsin limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF STEVEN SVENDSEN

I, Steven Svendsen, under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, certify that the statements set forth in this Declaration are true and correct.

1. I am over the age of 18 and have knowledge of the facts set forth below and if called upon am competent to testify thereto.

2. I am employed by plaintiff EDWARD HINES LUMBER CO. ("Hines") as its Vice President and Chief Financial Officer.

3. I have been authorized by Hines to submit this Declaration.

4. Due to my position with Hines, I am familiar with the business of Hines and Hines' mode of operation. Particularly, I am familiar with what documents Hines keeps in the regular course of its business.

5. Also, due to my position with Hines, I am familiar with the way in which Hines keeps track of loans it issues to borrowers, payments made by those borrowers, and how Hines handles defaults under the pertinent loan documents, including but not limited to the process Hines uses to advise borrowers of these defaults and the way in which Hines computes monies owed on account of these loans.

**THE JANUARY NOTE**

6. Hines is the holder of a certain Note dated January 31, 2007 made and executed jointly and severally by Robert J. Ollman, Midwest Building Systems, Inc., and 87th Street Holding, LLC originally in favor of LaSalle Bank, as Trustee under Trust No. 532747 for the sole benefit of Edward Hines Lumber Co., (the "January Note") and is in actual possession of the same. A true and correct copy of the January Note is attached to the Amended Complaint as Exhibit A.

7. Hines keeps the January Note in the regular course of its business, and it is the regular course of Hines' business to keep documents such as the January Note.

8. The January Note evidences a loan from LaSalle Bank, as Trustee under Trust No. 532747 (the "Trust"). Hines was the sole beneficiary of the Trust. The January Note has since been endorsed by LaSalle Bank and made payable to Hines.

9. Pursuant to paragraph 1.2 of the January Note, the borrowers thereunder promised to pay LaSalle Bank, as Trustee under the Trust, the principal amount of $810,000 together with interest on the principal balance due at the "Loan Rate," as defined in that paragraph 1.2, on or before February 1, 2009.

10. Also pursuant to paragraph 1.2 of the January Note, the borrowers thereunder promised to pay interest on the principal balance of the January Note on a monthly basis in

1826609-1
2

arrears commencing in the first (1st) day of March 2007, and thereafter on the first (1st) day of each succeeding month through and including February 1, 2009.

11.   The borrowers under the January Note, failed to pay the interest required of them on or after December 1, 2007.

12.   The failure of the borrowers under the January Note to pay the interest required of them on or after December 1, 2007, within ten (10) after such amount was due, is an "Event of Default" under the January Note.

13.   Pursuant to paragraph 1.7 of the January Note, if an "Event of Default" shall occur, the holder of the note may, at its option and without further notice, accelerate the February 1, 2009 maturity date of the January Note and all amounts due thereunder shall become immediately due and payable.

14.   All amounts due under the January Note have been accelerated and are presently due.

15.   As of the date April 30, 2008, after allowing the borrowers under the January Note all just credits, the following remains due and owing under the January Note:

| | |
|---|---|
| Principal: | $682,084.96 |
| Interest: | $38,509.38 |
| **Total:** | **$720,594.34** |

16.   Interest continues to accrue under the January Note at a rate of $189.47 per day.

17.   Additionally, paragraph 1.9 of the January Note provides that the borrowers thereunder promise and agree to pay all costs of collection (including reasonable attorneys' fees) incurred or paid by plaintiff in enforcing the January Note.

1826609-1                                            3

**THE MARCH NOTE**

18. Hines is the holder of a certain Note dated March 23, 2007 made and executed jointly and severally by Robert J. Ollman and Midwest Building Systems, Inc. (the "March Note") and is in actual possession of the same. A true and correct copy of the March Note is attached to the Amended Complaint as Exhibit B.

19. Hines keeps the March Note in the regular course of its business, and it is the regular course of Hines' business to keep documents such as the March Note.

20. The March Note evidences a loan from Hines to Robert J. Ollman and Midwest Building Systems, Inc.

21. Pursuant to paragraph 1.2 of the March Note, the borrowers thereunder promised to pay Hines the principal amount of $150,000 together with interest on the principal balance due at the "Loan Rate," as defined in that paragraph 1.2, on or before May 1, 2010.

22. Also pursuant to paragraph 1.2 of the March Note, the borrowers thereunder promised to pay interest on the principal balance of the March Note on a monthly basis in arrears commencing in the first (1st) day of June 2007, and thereafter on the first (1st) day of each succeeding month through and including May 1, 2010.

23. The borrowers under the March Note, failed to pay the interest required of them on or after December 1, 2007.

24. The failure of the borrowers under the March Note to pay the interest required of them on or after December 1, 2007, within ten (10) after such amount was due, is an "Event of Default" under the March Note.

25. Pursuant to paragraph 1.7 of the March Note, if an "Event of Default" shall occur, the holder of the March Note may, at its option and without further notice, accelerate the May 1,

2010 maturity date of the March Note and all amounts due thereunder shall become immediately due and payable.

26. All amounts due under the March Note have been accelerated and are presently due.

27. As of the date April 30, 2008, after allowing the borrowers under the March Note all just credits, the following remains due and owing under the March Note:

| | |
|---|---|
| Principal: | $124,999.98 |
| Interest: | $6,607.08 |
| **Total:** | **$131,607.06** |

28. Interest continues to accrue under the March Note at a rate of $27.78 per day.

29. Additionally, paragraph 1.9 of the March Note provides that the borrowers thereunder promise and agree to pay all costs of collection (including reasonable attorneys' fees) incurred or paid by plaintiff in enforcing the March Note.

30. The statements made by me in this Declaration are based upon my personal knowledge and if I were called to testify I would testify as set forth above.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*[signature]*
Steven Svendsen